# EXHIBIT H

**Pages 1 - 24**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

| | |
|---|---|
| MARK SHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. C 20-07363 WHO** |
| ) | |
| ICON FOUNDATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

San Francisco, California
Wednesday, April 28, 2021

**TRANSCRIPT OF PROCEEDINGS BY ZOOM WEBINAR**

**APPEARANCES BY ZOOM WEBINAR:**

For Plaintiff:
    ROCHE FREEDMAN LLP
    99 Park Avenue  - 19th Floor
    New York, New York  10016
  **BY: KYLE W. ROCHE, ATTORNEY AT LAW**
        **DANIEL M. STONE, ATTORNEY AT LAW**

For Defendant:
    MANATT, PHELPS & PHILLIPS LLP
    One Embarcadero Center - 30th Floor
    San Francisco, California  94111
  **BY: CHRISTOPHER L. WANGER, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
        Official Reporter

1       Now, Your Honor, I recognize your point regarding, you
2  know, the minting of new tokens but minting of new tokens
3  happens on the ICON blockchain regularly.  ICON can in fact
4  change the rates at which tokens are minted.
5       And now, while this issue of minting new tokens in a
6  decentralized manner is common, under the common law,
7  possession and physical control of a good is fundamental from
8  which the concept -- from which property rights derive.
9       The common law essentially recognizes a hierarchy of
10 ownership:  One who is in possession of a chattel has a greater
11 ownership than one who does not.  Now, obviously somebody who
12 has a legal title to a good or an item or a digital asset has a
13 superior ownership interest to one that has merely control.
14      ICON is not asserting that it or any other entity has
15 control of the ascertainable rights on the blockchain that ICON
16 programmatically interfered with.
17      Your Honor, I'd be happy to address any other points that
18 you'd like -- you believe need to be clarified in amendment,
19 otherwise I have nothing further at this time.
20          **THE COURT:**  Okay.  Well, I think you've hit the sort
21 of critical points that I need to wrestle with.
22      So, Mr. Wanger?  Who's arguing?
23          **MR. WANGER:**  It will be me, Your Honor.  Chris Wanger.
24 Thank you.
25      And we appreciate your close read to the papers, and I

1   want to clarify something immediately because Mr. Roche said
2   that it is not the Foundation's position that Mr. Shin does not
3   own the tokens that were generated in this exploit, and I want
4   to make it crystal clear that the Foundation does in fact
5   contend that Mr. Shin is not the proper owner of those tokens,
6   and the reason he's not the owner is because they were paid by
7   mistake.  And the fact that this, you know, involves a new
8   technology doesn't change the common law and it doesn't change
9   principles of equity.
10       Mr. Shin acknowledges that these were generated by a bug.
11  He was not expecting to receive these tokens, and he exploited
12  the bug to maximum effect, and that had real-world consequences
13  to thousands of people who held ICX tokens at the time of the
14  exploit.  He generated 14 million new tokens.  He knew exactly
15  what he was doing; and because those were minted out of the
16  ether, the effect of those new tokens was to dilute the
17  holdings of every other ICON ICX holder at the time.
18       So --
19       **THE COURT:**  On that narrow question, is it then your
20  client's position that you are -- that it is the owner or that
21  no one is the owner because they are misappropriated,
22  miscreated, whatever word you want to use?
23       **MR. WANGER:**  It's certainly not our position that
24  those 14 million ICX belong to the Foundation.  They don't.
25  Those 14 million tokens ought to be destroyed.  To the

```
 1   extent -- to the extent that they're not destroyed, they ought
 2   to come back for the benefit of everyone who held ICX at the
 3   time of Mr. Shin's exploit.
 4        We don't contend that those tokens belong to us.  They
 5   belong to the ICON community in general; and, you know, if this
 6   case -- if this case moves forward, that's what -- that's what
 7   we'll be asking from you because ultimately these involve
 8   equitable issues and that's what should happen here.
 9        You know, again I appreciate the close read.  I think
10   you've gotten everything and so I don't want to belabor things.
11        I will respond to the point that there is a statement in
12   the Medium post that the Foundation knows without a doubt the
13   identity of the person responsible for the exploit.
14        It's true that that's what it says.  I will also tell you
15   that it is true that the Foundation did not know Mr. Shin's
16   identity.  They had his Twitter account, which is how they were
17   able to reach out to him and make contact with him, but they
18   didn't know who they were communicating with.  They only knew
19   the Twitter -- the Twitter address who they were communicating
20   with, and it was only when he filed this lawsuit that the
21   Foundation discovered his identity.
22        But whether or not the Foundation knew Mr. Shin's identity
23   does not satisfy the element of a defamation claim that someone
24   else who heard this statement was able to identify Mr. Shin.
25   No one was able to identify Mr. Shin, and they will not be able
```