IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-y-00065-WJM

In Re: Government Seizure of ICX Tokens
_____

**UNITED STATES' UNOPPOSED MOTION TO HAVE FED.R.CRIM.P. 41(g) MOTION (DOC. 1) BE TREATED AS A CIVIL EQUITABLE PROCEEDING**
_____

COMES NOW the United States of America, by and through Acting United States Attorney Matthew T. Kirsch and Assistant United States Attorney Tonya S. Andrews, and herein moves for the Court for an order, directing that Mr. Mark Shin's Motion Pursuant to Fed. R. Crim. P. 41(g) and the Fifth Amendment of the Constitution For the Return of Property or Probable Cause Hearing (ECF Doc. 1) (hereinafter "Motion for Return of Property") be treated as a civil equitable complaint and the United States be required to respond in accordance with Federal Rules of Civil Procedure 12(a)(2).  In support thereof, the United States submits the following:

**Relevant Facts**

1.	On May 12, 2021, Mr. Shin filed a Motion Pursuant to Fed. R. Crim. P. 41(g) and the Fifth Amendment of the Constitution for the Return of Property or Probable Cause Hearing. (ECF Doc. 1).  In his motion, Mr. Shin has asserted that he has not committed any federal crimes and that the Federal Bureau of Investigation improperly seized assets.   As relief, Mr. Shin requests the return of the seized assets in the custody of the Federal Bureau of Investigation.

2.	Undersigned counsel was informed of Mr. Shin's motion, via email, on May 12, 2021.  The attachment to the email sent to undersigned counsel provided an

undocketed version of the motion.  The matter was docketed the next day, on May 13, 2021, and an ECF notice was sent to undersigned counsel.  To date, the Federal Bureau of Investigation has not been served with the Rule 41(g) motion.

3.Currently, there is no federal criminal case filed against Mr. Shin in the District of Colorado.

## Legal Argument

Here Mr. Shin's motion seeks recovery of property seized under Fed. R. Crim. P. Rule 41(g).  Rule 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

However, when no criminal case is pending, a Rule 41(g) motion for the return of seized property should be treated as a complaint in equity.  *See United States v. Ortiz,* 110 F.3d 74, at *1 (10th Cir. 1997) (unpublished) ("When, as here, there are no criminal proceedings pending against a defendant who has filed a motion for return of property under Rule 41(e)[1], we and other courts have 'construe[d] the motion as an independent civil action based on equitable principles.'") (quoting *United States v. Madden,* 95 F.3d 38, 40 (10th Cir.1996)); *see also United States v. Clark*, 84 F.3d 378, 381 (10th Cir. 1996) (noting where criminal proceedings are concluded, a district court should treat a Rule 41(e) motion as a civil complaint); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Because there were no criminal proceedings pending at the time of filing, the district court properly treated the [Rule 41(g)] motion as a civil complaint.");*United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018) ("Whether a

---

[1] Federal Rule of Criminal Procedure 41(e) was amended in 2002.  "What was formerly Rule 41(e) is now Rule 41(g), with only minor stylistic changes."  *United States v. Copeman*, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006).

Rule 41(g) motion is filed pre-indictment or post-conviction, it remains an equitable remedy . . . .").

Because Rule 41(g) motions are deemed equitable civil actions, the Federal Rules of Civil Procedure should apply to the extent reasonable.  *See Kardoh v. United States*, 572 F.3d 697, 702 (9th Cir. 2009) ("Because there were no criminal proceedings pending, the motion should have been treated as a civil complaint governed by the Federal Rules of Civil Procedure."); *Ruotolo v. United States*, No. Civ. 06 CV 3063, 2007 WL 2873638, at *1 (E.D.N.Y. Sept. 28, 2007) (noting that the Court had granted the United States' request to treat Rule 41(g) motion as a civil complaint and applied the Federal Rules of Civil Procedure).

To date, the Rule 41(g) motion has not been properly served on the United States or the seizing agency.  As set forth in Federal Rules of Civil Procedure, the Plaintiff must serve the United States by:

(i) Delivering a copy of the summons and the complaint to the United States Attorney for the district where the action is brought, or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or
(ii) Sending a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office and sending a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.
Fed. R. Civ. P. 4(i)(1)(A)-(B).

The plaintiff must also send a copy of the summons and complaint by registered or certified mail to the agency if they are a party.  Fed. R. Civ. P. 4(i)(2).

Mr. Shin's Rule 41(g) motion has not been properly served under Fed. R. Civ. P. 4.   No proper service occurred on the United States Attorney's Office or the Attorney

General, nor was there service on the Federal Bureau of Investigation. Furthermore, Mr. Shin has also not requested waiver of service of process from the United States.

Once proper service has been completed, Federal Rules of Civil Procedure 12(a)(2) states that "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Thus, in this equitable civil action, the United States is entitled to a 60-day response timeframe. *See Cromwell v. United States*, No. C-13-80002 MISC EMC, 2013 WL 323261, at *2 (N.D. Cal. Jan. 28, 2013) ("the Court agrees with Defendants that service of Plaintiffs' motion/complaint should be effected in accordance with Rules 4(i)(1) and 12(a)(2)"); *Price v. United States*, No. 4:18-cv-796-ALM-KPJ, 2019 WL 6519382, at *2 (E.D. Tex. Sept. 6, 2019) (applying Rule 12(a)(2) timeframe to the government's response to a Rule 41(g) motion).

Given that the United States is now aware of Mr. Shin's motion and its corresponding case number, the United States is not requesting that Mr. Shin go through the exercise of obtaining proper service of process. However, the United States does request that the Court permit the United States to respond in accordance with the timeframe articulated in Federal Rule of Civil Procedure 12(a)(2), or in the alternative, a similar date certain as determined by the Court.

Wherefore, for the reasons state above, the United States respectfully requests the Court treat Mr. Shin's Motion Pursuant to Fed.R. Crim. P. 41(g) and the Fifth Amendment of the Constitution For the Return of Property or Probable Cause Hearing

(ECF Doc. 1) as an equitable civil action, and require the United States respond within sixty days from the filing date or Monday July 12, 2021.

Pursuant to D.C.COLO.LCivR 7.1, on May 20, 2021, who does not oppose the 60-day time period for filing a response. However, counsel for Mr. Shin takes no position at this time as to whether this action should be treated as an equitable civil action or whether the Rules of Civil or Criminal Procedure apply.

DATED this 20th day of May 2021.

Respectfully submitted,

Matthew T. Kirsch

Acting United States Attorney

By: s/Tonya S. Andrews
Tonya S. Andrews
Assistant United States Attorney
1801 California Street, Ste 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail:  tonya.andrews@usdoj.gov
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice to all counsel of record including:

Eric S. Rosen
Roche Freedman, LLP
Email: erosen@rcfllp.com

Kyle W. Roche
Roche Freedman, LLP
Email: kyle@rcfllp.com

s/ *Jasmine Zachariah*
FSA Data Analyst
U.S. Attorney's Office