# EXHIBIT C

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF COLORADO

 3
    Case No. 21-mc-00117-MEH
 4

 5   IN RE:  ASSORTED CRYPTOCURRENCIES AND FUNDS

 6

 7
    ----------------------------------------------------------------
 8
            TRANSCRIPT OF ELECTRONICALLY RECORDED PROCEEDINGS
 9                        SEALED MOTION HEARING

10  ----------------------------------------------------------------

11          Proceedings before the HONORABLE MICHAEL E. HEGARTY,
    Magistrate Judge, United States District Court for the
12  District of Colorado, commencing at 11:19 a.m. on the 10th day
    of June, 2021, in Courtroom A501, Alfred A. Arraj United
13  States Courthouse, Denver, Colorado.

14
                              APPEARANCES
15
    For the United States:
16  TONYA S. ANDREWS and KURT J. BOHN, Assistant U.S. Attorneys,
    UNITED STATES ATTORNEY'S OFFICE, 1801 California Street,
17  Suite 1600, Denver, CO 80202

18
    For the Claimant:
19  ERIC S. ROSEN and KYLE ROCHE, ROCHE FREEDMAN, LLP,
    99 Park Avenue, 19th Floor, New York, NY 10016
20
    JEFFREY S. PAGLIUCA, HADDON MORGAN & FOREMAN, P.C.,
21  150 E. 10th Avenue, Denver, CO 80203

22


23


24      JULIE H. THOMAS, RMR, CRR, 901 19th Street, Room A256,
          Denver, CO 80294, (303)296-3056   (CA CSR No. 9162)
25
            Proceedings produced by electronic recording;
                    transcript produced via computer.
```

1           THE COURT:  So --

2           MS. ANDREWS:  But it also doesn't purport to achieve

3  Mr. Shin's goal, which is to get his day in court.  It's

4  just -- we're going to keep delaying it.

5           THE COURT:  Just what?

6           MS. ANDREWS:  It also doesn't, you know -- if we do

7  that path, it also doesn't achieve Mr. Shin's goal, which is

8  to get his day in court as soon as possible.

9           THE COURT:  Right.

10          MS. ANDREWS:  Again, we're just -- we're just adding

11 litigation.

12          THE COURT:  Well, let's talk about the day in court.

13          MS. ANDREWS:  Yeah.

14          THE COURT:  And, by the way, maybe the people on

15 the -- maybe Mr. Rosen can mute himself until you talk,

16 because the slightest noise comes across like magnified ten

17 times in the courtroom, so . . .

18          Once your complaint is filed, what's the course of

19 events?

20          MS. ANDREWS:  Oh, we file a notice to -- well, I

21 mean, again, you know, there are many ways to skin this cat,

22 so to speak.  You know, the Government could file a motion --

23 or a complaint and file it under seal.  Sometimes we do that.

24 And then just once the criminal case is completed, an

25 investigation is completed and filed, then we unseal.  You

1  know, that's an option here too.  We could file a complaint,
2  and then we can immediately move to stay it because we aren't
3  ready to litigate it and it might jeopardize an ongoing
4  criminal case.
5          THE COURT:  And the criminal case always takes
6  precedence.  I understand.
7          MS. ANDREWS:  Yeah.  Or we could have taken the path
8  we chose, which was to seek a brief 60-day extension so that
9  hopefully we can get this all in a nice, neat package and
10 proceed neatly and not jeopardize the ongoing criminal
11 investigation.
12         But if we were to file a complaint, we would send a
13 notice.  They would have 35 days to file a claim.  They would
14 have 21 days after that to file an answer, or a motion to
15 dismiss would stay their -- their need to file an answer.
16         THE COURT:  Okay.  And then it might proceed like a
17 typical civil case --
18         MS. ANDREWS:  Right.
19         THE COURT:  -- with a scheduling order.
20         MS. ANDREWS:  Yeah, and then go into discovery.
21         THE COURT:  Would it --
22         MS. ANDREWS:  Unless they moved for a stay or we
23 moved for a stay because of an underlying criminal case.
24         THE COURT:  Well, will it be converted from an MC to
25 a CV case?

Julie H. Thomas, RMR, CRR                              (303)296-3056

21-mc-00117-MEH                    SEALED                    07/07/2021    10

1    and 170,000 ICX that they filed a forfeiture notice on, and
2    we're ready to go on that, and we want to -- we would like to
3    get a ruling on those assets to show that Mr. Shin did not
4    commit a crime.
5              I think, Your Honor --
6              THE COURT:  Mr. Rosen, hold on a second.  You know,
7    arguing no criminal conduct has a lot of appeal, except what
8    precedent or jurisdiction are you relying on to say that a
9    federal court can prejudge whether someone committed a crime
10   before there's even an indictment or a complaint?  I can't
11   visualize that.
12             MR. ROSEN:  Typically not, Your Honor, but it
13   certainly -- and I agree, but it certainly can go into the
14   issue of whether the Government has good cause.  If they can't
15   even make out a crime or tell the claimant what he did that
16   constitutes a purported violation of the Act -- and I note,
17   Your Honor, they've already done that in the magistrate court
18   by getting an affidavit from an FBI agent saying that.  If
19   they can't even do that, what good cause is there to
20   continue -- continue their time for filing an extension?
21             And I do note, Your Honor, [audio interference] a lot
22   of the legislative history, and the legislative history, as
23   legislative history is, it's lengthy, it's long, but there is
24   some -- and I'm happy to supplement our record on that, but
25   there is some precedent saying, you know, if the probable

Julie H. Thomas, RMR, CRR                                    (303)296-3056