# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

| Proceedings: | **(IN CHAMBERS) Order Re: Plaintiffs'** *Ex Parte* **Application for A Temporary Restraining Order [DE 44]** |
|---|---|

## I. INTRODUCTION

On June 9, 2021, Paul Snitko, Jennifer Snitko, Joseph Ruiz, Tyler Gothier, Jeni Verdon-Pearsons, Michael Storc, and Travis May filed a first amended complaint, ("FAC") (ECF No. 33), against the United States of America, acting United States Attorney Tracy L. Wilkison, and assistant Director of the FBI Kristi Koons Johnson (collectively, "Defendants" or "the Government"). Plaintiffs allege claims for Return of Property pursuant to Federal Rule of Criminal Procedure Rule 41(g) and for violation of Plaintiffs' rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiffs' claims arise from the Government's seizure and search of Plaintiffs' personal property located in safe deposit boxes on the premises of non-party US Private Vaults. Plaintiffs seek to represent a class of "[a]ll renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; and (b) have identified themselves to the FBI since the seizure." (FAC ¶ 14).[1]

Presently before the Court is the *Ex Parte* Application for Temporary Restraining Order, ("TRO Application") (ECF No. 44), filed by Joseph Ruiz, Jeni Verdon-Pearsons, Michael Storc, and Travis May (collectively, "Plaintiffs"). By their TRO Application, Plaintiffs move for a court order enjoining the "[G]overnment from forfeiting property based on notices that do not identify the factual and legal basis for the forfeiture." For the reasons that follow, the Court **GRANTS** Plaintiffs' TRO Application.

---

[1] Plaintiffs also wish to certify two subclasses, but the Court need not consider those subclasses in ruling on Plaintiffs' TRO Application.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 7 |
|---|---|---|

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

## II.  FACTUAL BACKGROUND

Unless otherwise indicated the following facts are drawn from Plaintiffs' FAC.

United States Private Vaults ("USPV") is a California corporation that operates a safe-deposit-box facility in Beverly Hills. USPV's Beverly Hills facility houses over 800 safe deposit boxes.

Jeni Verdon-Pearsons ("Verdon-Pearsons") and Michael Storc ("Storc") are a married couple who rented a safe deposit box from USPV in which they placed silver and about $2,000 in cash, as well as various personal documents.

Joseph Ruiz ("Ruiz") rented a safe deposit box from USPV in which he placed approximately $57,000 in cash—money that Ruiz relies on to pay his living and medical expenses.

Travis May ("May") rented a safe deposit box at USPV in which he placed gold and approximately $63,000 in cash.

On March 22, 2021, the FBI raided USPV and seized the contents of hundreds of safe deposit boxes, including those rented by Plaintiffs. After the FBI seizure on March 22, Plaintiffs all filed claims with the FBI to retrieve their seized property. The Government, however, has not returned Plaintiffs' property, but has instead indicated that it is seeking to forfeit their property.

Specifically, the Government has notified lawyers for USPV that it intends to forfeit the property of many USPV box-holders, including Plaintiffs'. Additionally, the Government has sent individualized notices of its intent to forfeit property to some box-holders, including Verdon-Pearsons, Storc, and May. (TRO Application at 13). Plaintiffs do not allege that Ruiz has received a similar individualized notice.

On May 20, 2021, the FBI initiated an administrative forfeiture proceeding by issuing a "Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings" and an attached list of assets seized from USPV's premises that the Government seeks to forfeit, (together, "the FBI Notice"). The FBI Notice states that the Government is seeking to forfeit the $57,000 in cash seized from Ruiz's safe deposit box, the gold and over $63,000 in cash seized from May's safe deposit box, and the silver seized from Verdon-Pearsons and Storc's safe deposit box. The individualized notice that Verdon-Pearsons and Storc received indicates that their deadline to file a claim for the return of their property is June 25, 2021, and the notice sent to May indicates that his deadline is June 24, 2021. (*See* TRO Application, Ex. H at 43, ECF No. 44-9; Ex. J at 52, ECF No. 44-11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

### III. JUDICIAL STANDARD

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). "Consequently, [TROs] are of limited duration, not—like preliminary injunctions—of indefinite duration." *Id.*

The standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "When the government is a party, the last two factors (equities and public interest) merge." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 668 (9th Cir. 2021) (citation omitted). The court may also apply a sliding scale test, whereby the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

### IV. DISCUSSION

Plaintiffs move for a TRO barring the Government from proceeding with administrative civil forfeiture proceedings against the property seized from "USPV box holders without first articulating the factual and legal basis for the forfeiture." (TRO Application at 15). The Court considers the elements of the *Winter* test in turn, and for the reasons that follow, **GRANTS** Plaintiffs' TRO Application.

#### A. Plaintiffs Have Demonstrated a Likelihood of Success on the Merits

Plaintiffs argue that they have demonstrated a likelihood of success on the merits with respect to their argument that the individual notices provided to Plaintiffs by the FBI do not satisfy their Fifth Amendment right to due process. The Court agrees.

The Due Process clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. In the civil forfeiture context, "[m]any of the rights afforded those contesting forfeitures flow from the fundamental principle that due process requires, at a minimum, the 'opportunity to be heard . . . at a meaningful time and in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

meaningful manner.'" *Gete v. I.N.S.*, 121 F.3d 1285, 1297 (9th Cir. 1997) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970)) (footnote omitted). In *Gete*, a case involving a forfeiture proceeding in which the Government was aware of the identity of the owners of the property sought to be forfeit, the Ninth Circuit held that "the Due Process Clause required the [Government] to disclose the 'factual bases for seizure[]' and 'the specific statutory provision allegedly violated.'" *Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965, 987 (9th Cir. 2012) (quoting *Gete*, 121 F.3d at 1297).

Here, the FBI Notice and the individualized notices comply with neither of the Due Process requirements set forth in *Gete* and affirmed in *Al Haramain*.

With respect to the factual basis for the seizure of Plaintiffs' property from USPV, the individualized notices state: "The asset(s) referenced in this notice letter were seized on March 22, 2021 by the FBI at U.S. Private Vaults in Beverly Hills, California[.]" (*See, e.g.*, TRO Application, Ex. H at 44). This notice, put bluntly, provides no factual basis for the seizure of Plaintiffs' property whatsoever.

The notices fare little better as to *Gete*'s second Due Process requirement. In *Gete*, the court held that to satisfy the Due Process rights of known property owners in the forfeiture context, the Government must provide "notice of the specific statutory provision" that supports the Government's forfeiture proceeding—"the mere provision, without explanation, of copies of the entire [forfeiture] statute and regulations[]" is insufficient. *See Gete*, 121 F.3d at 1298. Here, rather than list the specific statutory provisions that the Government maintains justify forfeiture of the specific property seized from each specific USPV box, the Government notices state:

> **Forfeiture Authority**: The forfeiture of this property has been initiated pursuant to 18 USC 981(a)(1)(C) [*sic*.] and the following additional federal laws: 19 U.S.C. §§ 1602-1619, 18 U.S.C. § 983 and 28 C.F.R Parts 8 and 9.

(*See, e.g.*, TRO Application, Ex. H at 49). This list of purported statutory bases for forfeiture is anything but specific. Title 18 U.S.C. § 981(a)(1)(C) lists thirty-five sections of the United States Code. A violation of any one of these code provisions can provide a basis for forfeiture. 18 U.S.C. § 981(a)(1)(C).[2] These include code sections outlawing influencing a loan officer, forgery, counterfeiting,

---

[2] The statute states, in pertinent part:

The following property is subject to forfeiture to the United States:

***

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

uttering counterfeit obligations, smuggling, loan fraud, computer fraud, and bank fraud, among others. The notices therefore fall woefully short of the Government's duty to provide "the specific statutory provision allegedly violated."

The Government attempts to sidestep *Gete* and *Al Haramain* by distinguishing the procedural posture of those cases from this case. But "the Due Process Clause require[s] the [Government] to disclose the 'factual bases for seizure[]' and 'the specific statutory provision allegedly violated.'" *Al Haramain*, 686 F.3d at 987 (quoting *Gete*, 121 F.3d at 1297). Plaintiff has established that the Governments notices fall short of that mark. Thus, notwithstanding the Government's attempts to distinguish *Gete* and *Al Haramain,* the Court finds Plaintiffs have established a likelihood of success on the merits of their argument that the anemic notices violate their right to due process of law.

**B.   Plaintiffs Have Established a Likelihood of Irreparable Harm in the Absence of Preliminary Relief**

Next, Plaintiffs have established a likelihood that they will suffer irreparable harm in the absence of a TRO. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

Here, if Verdon-Pearsons, Storc, and May do not file a claim or petition for remission with the FBI by June 24 (May) or June 25 (Verdon-Pearsons and Storc), their property will be forfeit to the Government. This forfeiture, if conducted in a manner that violates the Due Process clause, would by definition deprive Plaintiffs' of their constitutional right to due process of law.

The Government notes that a plaintiff seeking injunctive relief must show irreparable injury, for which "remedies available at law, such as monetary damages, are inadequate to compensate[,]" *eBay*

---

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

18 U.S.C. § 981(a)(1)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

*Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), and argues that Plaintiffs have failed to do so. The Court disagrees. The Ninth Circuit has held that a deprivation of Fifth Amendment due process rights "inexorably" amounts to an irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). Thus, at this juncture, Plaintiff has carried its burden as to the likelihood of irreparable harm.

**C.   Plaintiffs Have Established that the Balance of Equities Favors Injunctive Relief, and An Injunction Would Be in the Public Interest**

When, as here, the Government is a party to a suit, the last two factors of the *Winter* test "(equities and public interest) merge." *E. Bay Sanctuary Covenant*, 993 F.3d at 668.

The issuance of a TRO would be in the public interest because "it is always in the public interest to prevent the violation of a party's constitutional rights." *See Melendres*, 695 F.3d at 1002. Moreover, the Government raises no argument to the contrary.

Accordingly, Plaintiffs have satisfied all requirements for the issuance of a TRO.

**D.   Scope of the TRO**

Plaintiffs urge the Court to issue a TRO enjoining the Government "from civilly forfeiting property seized from safe deposit boxes at U.S. Private Vaults without first sending forfeiture notices that identify the specific factual and legal basis for the government's determination to commence civil forfeiture proceedings." (Pls.' Proposed Order to Show Cause and Temporary Restraining Order at 3–4, ECF No. 14-4). The Court declines to issue a TRO pertaining to the rights of USPV boxholders that did not join in the TRO Application. *See California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018) (holding that the scope of an injunctive "remedy must be no broader and no narrower than necessary to redress the injury shown by the [moving party].").

In the alternative, Plaintiffs request that the Court provisionally certify a class of:

> All renters of U.S. Private Vaults safe deposit boxes who (a) had property within their safe-deposit box seized by the federal government on or around March 22, 2021; (b) have identified themselves to the FBI since the seizure; (c) whose property is now the subject of a purported administrative forfeiture proceeding; and (d) whose property is still in the possession of the federal government.

(TRO Application at 19–20). The Court declines to do. *See Azar*, 911 F.3d at 584.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04405-RGK-MAR | Date | June 22, 2021 |
|---|---|---|---|
| Title | *Paul Snitko et al v. United States of America et al* | | |

The four Plaintiffs who are parties to the TRO Application, however, have demonstrated that they are entitled to a TRO, and Plaintiffs' TRO Application is therefore **GRANTED** as follows:

- Defendants are enjoined from civilly forfeiting property based on the inadequate forfeiture notices sent to Jeni Verdon-Pearsons on May 21, 2021, to Michael Storc on May 21, 2021, and to Travis May on May 20, 2021;

- Defendants are further enjoined from civilly forfeiting the property of Jeni Verdon-Pearsons, Michael Storc, Travis May, and Joseph Ruiz without first sending forfeiture notices that identify the specific factual and legal basis for the Government's determination to commence civil forfeiture proceedings.

- As the Court is satisfied that no party will wrongfully suffer costs or damages due to the terms this TRO, it does not require Plaintiffs to post a bond in security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

- The Court further **ORDERS** Defendants to show cause in writing by June 29, 2021, why a preliminary injunction should not issue on the same terms described above.

- Plaintiffs shall serve a copy of this Order on all Defendants within one day of its issuance.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Plaintiffs' TRO Application.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer      jre