**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Case No. 21-y-0065-WJM-SKC

In re: Government Seizure of ICX Tokens

---

**ORDER GRANTING IN PART MARK SHIN'S MOTION FOR EXPEDITED BRIEFING
SCHEDULE FOR MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION, AND DENYING IN PART AND TAKING UNDER
ADVISEMENT IN PART SHIN'S MOTION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

---

Before the Court are: (1) Mark Shin's ("Shin") Motion for Expedited Briefing

Schedule for Plaintiff's Motion for Temporary Restraining Order ("TRO") and Preliminary

Injunction ("PI") ("Motion for Expedited Briefing") (ECF No. 17); and (2) Shin's Motion for

a TRO and PI ("Motion for TRO and PI") (ECF No. 18.)  Both motions are opposed, but

the Government has yet to respond.

In November 2020, the federal government obtained a dozen federal seizure

warrants and began the process of seizing millions of dollars' worth of Shin's crypto-

assets.  (ECF No. 18 at 1.)  According to Shin, he had not committed a federal crime,

nor were the seized assets the proceeds of a federal crime.  (*Id.* at 2.)  Thus, on May

12, 2021, Shin filed his Motion Pursuant to Fed. R. Crim. P. 41(g) and the Fifth

Amendment to the United States Constitution for the Return of Property or for a

Probable Cause Hearing ("Rule 41(g) Motion"), which remains pending before United

States Magistrate Judge S. Kato Crews.  (ECF No. 1.)

Shin states that on July 12, 2021, 24 days  ago, the Government filed a notice of

declination, informing Shin and the Court that it had "foregone federal forfeiture

proceedings" with respect to the assets that are the subject of Shin's Rule 41(g) Motion. (ECF No. 18 at 2.)  Despite the notice of declination, Shin states that the Government refuses to release his property and instead has unlawfully retained the assets in the hope that the State of Colorado may decide to pursue its own forfeiture proceedings in the future.  (*Id.*)  In a reply brief on the Rule 41(g) Motion, the Government relies on a purported state court freeze order to justify the continued retention of Shin's assets; however, the Government has not produced the freeze order yet.  (*Id.* at 3.)  Shin has filed the Motion for TRO and PI "to force the government to comply with its constitutional directives and federal statutory law . . . [to prohibit] the government from transferring [his] property to the State pending this Court's order on [his] motion for the return of his property under Rule 41(g)."  (*Id.*)

Injunctive relief is an extraordinary remedy that should be granted only when the moving party clearly and unequivocally demonstrates its necessity.  *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  A party seeking a preliminary injunction or temporary restraining order must show: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction, or, put differently, that the balance of equities tips in the movant's favor; and (4) the injunction would not be adverse to the public interest.  *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009); *Kaplan v. Bank of N.Y. Mellon Trust Co.*, at *1 (D. Colo. 2010) (citing *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)) (noting that the four elements apply to both preliminary injunctions and temporary restraining orders and that

"the same considerations apply" to both forms of injunctive relief).  Granting such

"drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v.*

*Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), is the "exception

rather than the rule," *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable

harm just so long as is necessary to hold a [preliminary injunction] hearing, and no

longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local*

*No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).  It is infrequently issued when the

opposing party has actual notice of the motion.  *See* 11A Charles Alan Wright et al.,

Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued

with or without notice to the adverse party").  However, given the need for a harm so

urgent and irreparable that a decision must be made before a hearing can be held, the

primary purpose of the TRO is to grant short-term *ex parte* relief.  *See* Fed. R. Civ. P.

65(b) (describing prerequisites of *ex parte* TRO).

Here, a TRO is not appropriate because the Government is represented and has

notice of the Motion for TRO and PI.  Additionally, upon review, the Court finds that Shin

has failed to demonstrate that he faces a harm *so immediate or urgent* that justice

requires the issuance of a TRO.  According to Shin, the Government provided Shin with

its notice of declination on July 12, 2021 (ECF No. 18-1), which was over three weeks

ago.  Shin has had ample opportunity in the last few weeks to seek injunctive relief but

did not do so until now—an approach which significantly undercuts any protestations of

imminent harm by Shin.

As a consequence the Court will deny that portion of the motion which seeks a TRO on both of these grounds, and will instead direct an expedited briefing schedule on the portion of the motion requesting a PI.  *See Engility Corp. v. Daniels*, 2016 WL 8358509, at *2 (D. Colo. Oct. 25, 2016).

For the reasons set forth above, the Court ORDERS:

1.    The Court DENIES that portion of Shin's Motion for TRO and PI (ECF No. 18) which seeks a TRO, and TAKES UNDER ADVISEMENT that portion which seeks a PI;

2.    The Court GRANTS IN PART Shin's Motion for Expedited Briefing (ECF No. 17), to the extent set forth herein;

3.    As to that portion of Shin's Motion for TRO and PI which seeks a PI, the Government is DIRECTED to file a response brief on or before **August 12, 2021**;

4.    Shin is DIRECTED to file a reply brief on or before **August 17, 2021**; and

5.    Upon receipt of Shin's reply brief, the Court will consider whether a hearing on the Motion for TRO and PI is appropriate and necessary.

Dated this 5th day of August, 2021.

BY THE COURT:

William J. Martinez
United States District Judge