IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 21-y-00065-WJM-SKC

In re: Claimant Mark Shin (ICX)

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION**

Plaintiff Mark Shin respectfully submits the following supplemental brief in accordance with the Court's order dated August 19, 2021 (ECF No. 23):

## I. INTRODUCTION

The issued raised by this Court, "whether the United States is required to comply with the statutory provisions of Federal Rule of Criminal Procedure 41(g) when it has declined to pursue federal forfeiture proceedings but has also received a freeze order issued by the state court," has only one answer: when compliance with both federal and state law is an impossibility, like it is here, state law must yield to federal law, and the assets seized must be released. ECF No. 23.

*First*, this is true because in this case there is an obvious conflict between federal law, as articulated in Title 18, U.S.C. §§ 981(b) and 983(a)(3)(B), which compels the government to release the seized assets, and the State of Colorado's ("State") so-called freeze order, which commands the retention of this same property. *See* ECF No. 22 Exhibit A [state search warrant]. Where there is a direct conflict between federal and state law, federal law controls.

1

*Second*, and relatedly, even if this Court was inclined to consider the freeze order, the factual circumstances of this case make clear that the State court proceedings are a sham that should be given no credence in federal court.

## II. RELEVANT FACTUAL BACKGROUND

The factual history of this case has already been recounted in prior briefs. *See* ECFs 1, 15, 18 and 22. This brief will summarize the operative facts as relevant here.

The FBI began the investigation into Mr. Shin's conduct in early October 2020 based on a false report from ICON's counsel to the FBI. *See* Exhibit A at 6 [Oct. 13, 2020, email stating that ICON would like "to formally report the *unauthorized hack* of the Icon blockchain."]. Of course, as the federal government has now conceded by declining to pursue forfeiture, there was no hack and ICON's representations were inaccurate. Shortly after the FBI began its investigation into Mr. Shin, Mr. Shin filed a civil complaint in federal district court in California *against* ICON. *See* 20-CV-07363-WHO. This complaint demonstrated that Mr. Shin had not hacked ICON, had not stolen ICX from anyone, and that Mr. Shin, in fact, had been criminally extorted by the ICON Foundation. On October 27, 2020, the FBI was provided with a copy of that civil complaint by ICON. *See* Exhibit B [Oct. 27, 2020 email].

Despite being apprised of the true facts as set forth in the complaint, the FBI proceeded ahead with obtaining nearly a dozen federal seizure warrants in November 2020 which resulted in the seizure of millions of dollars' worth of Mr. Shin's crypto-assets. These seizure warrants purported to establish probable cause to believe that Mr. Shin had committed wire fraud and computer fraud, in violation of Title 18, U.S.C., §§ 1030 and 1343. *See* ECF No. 22 Exhibits C and D. However, the affidavits, which were sworn to by Special Agent Travis Wall, omitted Mr. Shin's version of events, neglecting even to tell the Magistrate Judge that a civil complaint

(which would negate probable cause) had been filed.  Further, the affidavits claimed that the ICX obtained by Mr. Shin had resulted from the "exploitation of the network by allowing the *unauthorized creation or minting* of unlimited ICX." *See* ECF No. 22 Exs. C and D ¶22. The affidavits presented to the federal magistrate judges never once indicated that this "unauthorized" ICX had been stolen from ICON Nation, which is what is now alleged in the State indictment and freeze order affidavit. This is not surprising given that ICON's lawyer effectively conceded in an email to the government that no one owned the ICX prior to it being minted by Mr. Shin through the Bug. *See* Exhibit C at 1-2 [Jan. 4, 2021, email].

In the spring of 2021, counsel for Mr. Shin began to engage with the assigned federal prosecutors. Mr. Shin's attorneys described Mr. Shin's conduct and explained how this conduct could not have amounted to a federal crime. On May 12, 2021, counsel for Mr. Shin filed a motion under Rule 41(g) demanding the return of his property based, at least in part, on the fact that no federal crimes had been committed. *See* ECF No. 1. One argument in the motion was that the federal wire fraud statute was inapplicable because the ICX tokens at issue belonged to no one when Mr. Shin minted them through the Bug. *See* ECF No. 1 at 23.

On June 10, 2021, before the government filed its response to the Rule 41(g) motion, Agent Wall, the same agent who had served as the affiant for the seizure warrants, wrote an email to the assigned AUSAs telling them, in substance, that he was now bringing this case to the State for prosecution. *See* Exhibit D [June 10, 2021 email]. At this point, federal authorities had investigated Shin for nearly nine months without filing charges or an asset forfeiture complaint. Yet only 19 days after Agent Wall first discussed the case with an assistant district attorney, a State court grand jury indicted Mr. Shin for theft and other crimes. *See* ECF No. 15, Ex. D. Despite the fact that the State had conducted virtually no independent investigation, the

3

crux of the conduct alleged by the State in the indictment differed *significantly* from that contained in the federal court seizure warrants. The State indictment claimed that Mr. Shin had stolen the minted ICX from "ICON Nation," an undefined group that purported to include "the members of the ICON network." The State search warrant issued on July 9, 2021, which now serves to indefinitely freeze Mr. Shin's assets in violation of federal law, similarly alleges that Mr. Shin had committed "theft from ICON Nation."

On July 12, 2021, three days later, the government filed a notice of declination, informing Mr. Shin and this Court that it had "foregone federal forfeiture proceedings" with respect to the crypto-assets that it had seized pursuant to federal seizure warrants, thereby implicitly conceding that Mr. Shin had not committed any federal crime and that the assets had been wrongfully seized in the first place. *See* ECF No. 18-1.  The government was then under an immediate statutory duty to return Mr. Shin's property to him. *See* Title 18 U.S.C. §§ 981(b)(statute permits the seizure only of property "subject to forfeiture to the United States"); 983(a)(3)(B) (the government "*shall* promptly release the property pursuant to regulations promulgated by the Attorney General.")  But instead of releasing the assets, the government continued to retain Mr. Shin's property, relying on the bogus "ICON Nation" State search warrant that "instruct[ed] the Federal Bureau of Investigation to retain custody of these assets." *See* ECF No. 12 at ¶¶18-19.

Finally, on August 19, 2021, Judge William Orrick, sitting in federal district court in San Francisco, issued a decision on the ICON Foundation's motion to dismiss Mr. Shin's civil case. In denying the motion, Judge Orrick wrote that "ICON concedes that the ICX tokens at issue do not technically belong to anyone else," and he also dismissed ICON's arguments regarding other ICX holders who may have suffered a "dilution" due to the minting. *See* ECF No. 22 at 6-7.[1]

---

[1] Having had its legal theories rejected in San Francisco federal district court, the ICON

### III. ARGUMENT

This Court's order directing the parties to provide supplemental briefing strikes at the heart of the issue here, given that the government has represented to this Court that "there is no longer any federal hold on the assets, and but for the State freeze order, the FBI would return these seized assets to the rightful owners." ECF No. 21 at 5. For the reasons set forth below, the government's reliance on the State court order to unlawfully retain Mr. Shin's property is wrong. Federal law trumps a State court "freeze" order, and the government's attempt to use the State system to effect an end-run around federal forfeiture law should be rejected.

### A.     The State Court Seizure Order is Preempted by Federal Law.

The Supremacy Clause provides that federal law 'shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any state to the Contrary notwithstanding." *Arizona v. United States,* 567 U.S. 387, 399 (2012) (citing U.S. Const., art. VI, cl. 2). Pursuant to that, federal preemption of state law occurs whenever a federal statute, as applicable here, conflicts with a state law. *Id*. A federal statute conflicts with state law "where 'compliance with both federal and state regulations is a physical

---

Foundation has changed its tune and now contends, in recently filed counter-claims, that ICX "are created by the ICON Network for the benefit of and *belong to the ICON Community*, including all current holders of ICX." See Exhibit E [Counterclaims]. It goes without saying that ICON presents no evidentiary support for how *all* ICX, including those mistakenly created through a Bug, could belong to the entire ICON Community, which, in any event, is undefined. Moreover, ICON's current argument flies in the face of: the representations ICON previously made to the FBI (Exhibit C), the sworn affidavits filed by Agent Wall (ECF No. 22 Exhibits C and D), the discovery produced in the State case to Mr. Shin, and the findings of federal district court judge William Orrick (ECF No. 22 at 6-7). Given that ICON's federal court counter-claims also reference and attach the State court Indictment (*see* Exhibit E at ¶49), the only conclusion to be drawn from ICON's sudden about-face regarding the ICX ownership is that it is a last-ditch effort by ICON to prop up the unsupported factual allegations set forth in the State indictment.

5

impossibility,' and those instances where the challenged state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id*. at 399–400 (q*uoting Fla. Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43 (1963).

The preemption analysis in this case is simple and straightforward: the State court search warrant is in actual conflict with federal law because it is impossible for the government to both promptly release Mr. Shin's property (as required by 18 U.S.C. §§ 981(b), 983(a)(3) and the regulations set forth in the DOJ asset forfeiture manual as described at ECF No. 18 at 5-6) and freeze Mr. Shin's property (as supposedly required by the State warrant).[2] Where there is an actual conflict, State law must yield, and the government must comply with federal law. *Metro. Life Ins. Co. v. McShan*, 577 F. Supp. 165, 169 (N.D. Cal. 1983) ("the state court order, being in direct conflict with federal law, must yield. . .").

The Second Circuit's decision in *Dixon v. von Blanckensee*, 994 F.3d 95 (2d Cir. 2021) is instructive. In *Dixon*, a federal prisoner sued the prison warden, alleging that the warden had violated a state-court transport order requiring her to release the prisoner to state officials. The Second Circuit held that "the Supremacy Clause renders a mandatory order from a state court to a federal officer void. Thus, even assuming that the transport order issued a directive that [the warden] refused to obey, she had no obligation to obey it." *Id*. at 105.  Here, like in *Dixon*, the State court warrant commands federal officials to permanently retain various federally held assets, in direction violation of federal law.  In this situation, even more so than in *Dixon*, the warrant must be void and without any effect. *See also Denson v. United States*, 574 F.3d 1318

---

[2] The search warrant obtained by the State actually authorizes agents to "search" the Federal Bureau of Investigation and from there, "seize the property described" in the warrant. *See* ECF No. 22 Exhibit A. Counsel for Mr. Shin is aware of no rule or regulation that compels a federal agency to honor a state court search warrant commanding the search of a federal agency for seized assets.

6

(11th Cir. 2009) (Supremacy Clause also "serves to prevent state law or state law officials from interfering with or otherwise impeding federal officers as they perform their lawful duties.")[3]

And, the Supremacy Clause is equally applicable in the forfeiture context. *See, e.g.*, *United States v. Wagoner County Real Estate*, 278 F.3d 1091 (10th Cir. 2002) (federal asset forfeiture law preempts Oklahoma "homestead exemptions" law because preemption is "necessary to carry out the Congressional intent underlying" the statute and to "maintain uniformity in federal forfeiture law."). *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1311 (11th Cir. 1999) ("Federal forfeiture law, however, preempts state law."); *United States v. One Parcel of Prop. Located At 1606 Butterfield Rd., Dubuque, Iowa*, 786 F. Supp. 1497, 1504 (N.D. Iowa 1991) ("Where a positive conflict exists, the Supremacy Clause requires the application of federal law," and here, federal law "is in conflict with the state law allowing forfeiture for all property except for homestead property."). Indeed, like any other clause of the Constitution, its application is mandatory and thus dictates the outcome in this matter. *See also Utah v. Gollaher*, 2019 WL 1013416, *3 (D. Utah Mar. 4, 2019), *aff'd*, 804 Fed.Appx.947, 949 (10th Cir. 2020) (court noted that under congressional regulations, state court lacked "jurisdiction to compel federal agents' compliance with subpoenas …").[4]

---

[3] The government's argument that it must defer to the state order ignores that federal law already protects federal officials from having to comply with State orders. *See* ECF No. 21 at 5–6, 10. Sovereign immunity protects federal officials from liability for disobeying a state court order. *See, e.g.*, *Colorado v. Nord*, 377 F. Supp. 2d 945, 948 (D. Colo. 2005) ('a state court has no jurisdiction if (1) the federal agent was performing an act which he was authorized to do by the law of the United States and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for him to do.'").

[4] Because this case involves an *actual c*onflict between state and federal law in which compliance with both is impossible, the State court order is automatically preempted by operation of the Supremacy Clause. *Brown v. Hotel & Rest. Emps. & Bartenders Int'l Union Loc. 54*, 468 U.S. 491, 503 (1984) ("Where, as here, the issue is one of an asserted substantive conflict with a federal enactment, then '[t]he relative importance to the State of its own law is not material ... for the Framers of our Constitution provided that the federal law must prevail.'"); *In*

Finally, to the extent that the government attempts to rely on Title 18, U.S.C., Section 981(e)(7) ("981(e)") in arguing that there is no conflict between federal and state laws, that argument is incorrect. 981(e) provides, in pertinent part, that the federal government:

> may order the discontinuance of any forfeiture proceedings … in favor of the institution of forfeiture proceedings by State or local authorities under an appropriate State or local statute. After the filing of a complaint for forfeiture under this section, the Attorney General may seek dismissal of the complaint in favor of forfeiture proceedings under State or local law. Whenever forfeiture proceedings are discontinued by the United States in favor of State or local proceedings, the United States may transfer custody and possession of the seized property to the appropriate State or local official immediately upon the initiation of the proper actions by such officials.

That statute is inapplicable here for multiple reasons. First, the State has not yet instituted forfeiture proceedings. While the State filed an asset forfeiture complaint on August 12, 2021, it has not yet served the complaint on Mr. Shin, and the criminal indictment contains no forfeiture allegations. Second, even if the State properly commenced forfeiture proceedings on or about August 12, 2021, the federal government had to return the assets to Mr. Shin a month earlier, on July 12, 2021, which was when the government filed a notice declining to forfeit the assets. The federal government should not be rewarded for the illegal retention of Mr. Shin's assets. Third, and perhaps most importantly, the federal government continues to retain Mr. Shin's assets, and it has not, and has no apparent intention of, transferring the custody of the assets to the State as contemplated by 981(e). Thus, the permissions granted in 981(e) simply do not apply here.

### B. The State Court Proceedings are a Sham and Should Be Given No Credence by this Court.

The basic facts here are not in dispute. The FBI began its investigation based on false

---

*re Selzer*, 135 B.R. 417, 418 (D. Kan. 1991) ("[A]ctual preemption [is] where Congress speaks neither expressly nor impliedly of preemption, but state law is nevertheless preempted to the extent it actually conflicts with a federal statute or rule.").

representations by ICON's attorneys concerning an "unauthorized hack." *See* Exhibit A at 6. That "hack" never occurred. Yet as a result of those representations, the FBI obtained seizure warrants for Mr. Shin's assets, listing wire fraud and computer fraud as predicate crimes. But the government could not prove that Mr. Shin committed wire fraud because he did not take property from anyone else, and the government could not prove computer fraud under the Supreme Court's recent *Van Buren* decision. *See* ECF. 1 at 21-24; ECF. 15 at 4-5.

Nonetheless, in a show of complete disregard for Mr. Shin's Fifth Amendment due process rights, the FBI, intent on holding onto the assets, brought the case to State prosecutors, who elected to quickly prosecute the case under a criminal theory that contradicts the evidence obtained by the FBI. As described, while the FBI's seizure warrants contain sworn allegations that the ICX obtained by Mr. Shin were unauthorized, the State, after no investigation, has alleged that Mr. Shin had in fact stolen this same ICX from "ICON Nation," an undefined entity. And now, in a descent into pure lawlessness, the federal government here asks this Court to *enforce* the State court orders and indictment that they *know* are based on incorrect (and most likely false) information. That simply cannot stand for two primary reasons.

*First*, while federal courts must accord full faith and credit to state court orders, *see* 28 U.S.C. § 1738, the same is not true of federal agencies. *Budhathoki v. Nielsen*, 898 F.3d 504, 511–12 (5th Cir. 2018). Rather, "[a] federal agency must consider, . . . whether the policies favoring full faith and credit to the state court orders, such as repose and concerns about federalism, outweigh any federal interests." *Id.* Here, as described, the FBI is fully aware that the State court indictment, and subsequent search warrant freeze order, is based on a theory of ownership that cannot be true. Therefore, even assuming that the State court's warrant is otherwise facially valid, the FBI is not required (and should not) give full faith and credit to an

order that conflicts with the federal government's interest in protecting Mr. Shin's statutory and Constitutional rights. The federal interest in vindicating federal law and congressional intent clearly outweighs any credit that might be given to a legally and factually deficient state order.

*Second*, while the federal government cannot normally bar the actions of a separate sovereign, such as a state government, there is a limited exception where a "state prosecution" is a "sham and a cover for a federal prosecution." *See Bartkus v. Illinois*, 359 U.S. 121, 123-24 (1959); *see also United States v. Trammell*, 133 F.3d 1343 (10th Cir. 1349-50) ("when one sovereign is acting as 'merely a tool' of the other, and the second prosecution is merely a 'sham and cover' for a previously unsuccessful prosecution, the second prosecution violates the Double Jeopardy Clause."). Here, it is evident that the State prosecution is a sham, and that the principles articulated in *Bartkus* should apply. In that regard, when the government realized that they had no federal case against Mr. Shin (either from a criminal or civil perspective), the FBI shopped the case to state prosecutors, who indicted Mr. Shin a mere 19 days after learning of the case. The State even allowed the FBI to retain control over the assets. Moreover, the State did little independent investigation, and it is clear from discovery that the State relied almost entirely on the FBI's work. Despite this, state prosecutors alleged a radically different theory of the case, claiming that Mr. Shin had stolen the ICX from ICON Nation even though there is no evidence that this is true. Without this falsity, the State would not have been able to charge Mr. Shin under the relevant State statutes, which require the State to prove that Mr. Shin took property that was "of value of another." *See* ECF. 22 at 5.

Accordingly, because the State proceedings here relied almost entirely on the work of the federal government, and because the State proceedings are premised on untrue and unsupported allegations that the government knows to be false, the State proceedings are a sham that should

10

not be credited by this Court.

## IV. CONCLUSION

For the reasons set forth above, Mark Shin respectfully requests that this Court find that the State court warrant, to the extent it purports to be compel any federal official to retain property, is preempted by federal law, and enter an order prohibiting the government from releasing Mr. Shin's seized property to anyone other than Mr. Shin, pending resolution of Mr. Shin's motion for return of property under Rule 41(g).

DATED: August 27, 2021                                 Respectfully Submitted,


*s/ Jeffrey S. Pagliuca*
Jeffrey S. Pagliuca, #12462
HADDON MORGAN & FOREMAN, P.C.
150 E. 10th Avenue
Denver, CO 80203
Telephone: (303) 831-7364
Email: jpagliuca@hmflaw.com

Eric S. Rosen, #NY 4412326
Kyle Roche, #NY 5517776
ROCHE FREEDMAN, LLP
99 Park Avenue, 19th Floor
New York, NY 10016
Telephone: (646) 350-0527
Email: erosen@rcfllp.com
Email: kyle@rcfllp.com

*Counsel for Mark Shin*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I electronically filed the foregoing **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

*s/ Holly Rogers*