IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case No. 21-y-00065-WJM-SKC

In Re: Government Seizure of ICX Tokens

_____

**UNITED STATES' RESPONSE TO MARK SHIN'S MOTION TO SUPPRESS CRYPTO-ASSETS SEIZED PURSUANT TO FEDERAL SEIZURE WARRANTS**
_____

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, and herein responds to Plaintiff Mark Shin's Motion to Suppress Crypto-Assets Seized Pursuant to Federal Seizure Warrants (hereinafter "Motion to Suppress").  As set forth below, the motion should be denied.

**I.     Brief Procedural Background**

**A.     *Related Proceedings***

1.     On November 17, 2020, the United States of America (the "Government") obtained seizure warrants for numerous cryptocurrency wallets that held proceeds traceable to the unauthorized minted ICX in violation of 18 U.S.C. §§ 1343 and 1030. These warrants were supported by an affidavit from Federal Bureau of Investigation Special Agent Travis Wall.  *See* Exhibit F, Doc. 27-6 (hereinafter "Wall Affidavit").

1

2.	On July 12, 2021, the government filed a Notice stating that it would not be filing a civil judicial forfeiture case against the subject assets in lieu of state proceedings.[1]  (Case No. 21-mc-00117-MEH, Doc. No. 23).

3.	On June 29, 2021, the People of the State of Colorado indicted Mark Shin for violations of Colorado Revised Statute (CRS) § 18-5.5-102(1)(d), (3)(a)(IX) (Cybercrime-Commit Theft Over $1 Million), C.R.S. § 18-4-401(1),(2)(j),(6) (Theft Over $1 Million), and C.R.S. § 18-5-309(1)(a)(II) (Money Laundering).  *See People of the State of Colorado v. Mark Shin*, 2021cr1445, District Court, County of Arapahoe, Colorado.

4.	On July 9, 2021, the People of the State of Colorado served the FBI with a freeze order, instructing the FBI to freeze the assets they hold in custody in relation to this matter.

5.	On August 12, 2021, the 18th Judicial District of Colorado filed a civil forfeiture complaint against the subject assets.

### B.	Relevant Pleadings in Current Proceedings

6.	Prior to the state criminal indictment, on May 12, 2021, Shin filed a Motion for Return of Property asserting that he has not committed a crime and, therefore, the seizure warrants were unlawful, and he is entitled to the equitable remedy for the return of property under Federal Criminal Rule 41(g) or the Fifth Amendment's Due Process Clause ("Motion for Return of Property").  (Doc. 1).  The motion has been fully briefed by the parties.  (Doc. 1; Doc. 12; Doc. 15).

---

[1] The related federal criminal case has not yet been closed or declined.  Moreover, the government has not conceded, as Plaintiff Shin asserts, that a federal crime has not been committed.  Rather, the federal government has declined to proceed civil forfeiture proceedings in lieu of related state proceedings.

7. On May 27, 2021, the Court granted the United States' request that Shin's Motion for Return of Property be treated as a Civil Equitable Proceeding. (Doc. 8).

8. On August 4, 2021, Shin filed a Motion for a Temporary Restraining Order and Preliminary Injunction, to enjoin the FBI from transferring assets to the State of Colorado pending the resolution of Shin's Motion for Return of Property. (Doc. 18). This motion has been fully briefed by the parties. (Doc. 18; Doc. 21; Doc. 22). Pending the Court's ruling, the assets remain in federal custody.

9. On November 21, 2021, counsel for Shin emailed undersigned counsel, requesting the Government's position on a motion to suppress and request for a *Franks* hearing. Undersigned counsel responded that such a motion would be frivolous given there is no pending proceeding in federal court in which suppression of evidence would be relevant. On November 22, 2021, Shin filed a Motion to Suppress Crypto-Assets Seized Pursuant to Federal Seizure Warrants. (Doc. 27).

II. **Legal Argument**

Shin's motion to suppress is frivolous. Suppression of evidence is not a remedy available to him in this civil equitable proceeding under Rule 41(g). Moreover, Shin's attempt to seek suppression of evidence is another attempt to litigate his claims in federal court while the state court has jurisdiction over him, the cryptocurrency, and his claims. Therefore, this Court should decline to exercise its equitable jurisdiction and deny his request for suppression of evidence and return of property.

    A. **There is No Remedy Available to Shin in Federal Court**

Suppression of evidence is a legal remedy available in a criminal or civil forfeiture proceeding, but not in a civil case. *See* Fed. R. Crim. P. 12(b)(3)(C) (stating a defendant may) file a motion to suppress in a criminal case); Supp. Rule G(8)(a) (stating

3

a motion to suppress can also be filed in a civil judicial forfeiture action).  However, "a motion to suppress is not recognized by the Federal Rules of Civil Procedure."  *Clay v. Banks*, No. 6:18-CV-92, 2021 WL 971074, at *2 (S.D. Ga. Feb. 8, 2021), report and recommendation adopted, No. 6:18-CV-92, 2021 WL 964282 (S.D. Ga. Mar. 15, 2021) (denying motion to suppress in a civil case); *see also Evans v. Hansen*, No. 20-cv-860, 2021 WL 465908, at *1 (W.D. WI Feb. 9, 2021) ("[m]otions to suppress are filed in criminal cases, not civil cases").  The only proceeding pending before this Court is Shin's motion for return of property, which is civil, and wholly equitable in nature.[2]

"A Rule 41(g) motion to return property . . . does not allow [the] Court to suppress evidence in proceedings not before [the] Court."  *Raymond Frank Christie v. United States*, No. 21-MC-80263-RS, 2021 WL 5744382, at *2 (N.D. Cal. Dec. 2, 2021). Recently, a Court in the Northern District of California addressed the issue of whether a petitioner could seek suppression under Rule 41(g) in federal court when he had unrelated state criminal proceedings pending.  *Id.*  The Court squarely found that Rule 41(g) "concerns a return of property, and does not address the suppression of evidence."[3]  *Id.*

Prior to the 1989 amendments to Rule 41, suppression of evidence was a remedy if the court granted a motion for return of property.  However, as stated by the Tenth Circuit, the "[i]llegality of a search for purposes of Rule 41[g] and the scope of the exclusionary rule have been separated by the 1989 amendments" to Rule 41. *Matter of*

---

[2]  Shin's request for a Preliminary Injunction is also pending but relates solely to the physical custody of assets, pending resolution of the Motion for Return of Property.
[3] The *Christie* Court further noted that the petitioner, like Shin, provided "no statutes, caselaw, or rules supporting his argument that this Court may suppress evidence in a State criminal proceeding," noting that any suppression motion should be filed in the respective criminal cases. *Id.*

*Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir. 1990) (citing to prior Rule 41(e)) (citation omitted).  Indeed, the suppression language was deleted as it "has not kept pace with the development of exclusionary rule doctrine and is currently only confusing. . . . [T]he scope of the exclusionary rule is reserved for judicial decisions." *Matter of Search of Premises Known as 6455 South Yosemite, Englewood, Colo.*, 897 F.2d 1549, 1554 (10th Cir. 1990) (citing Fed. R. Crim. P. 41(e) advisory committee's note).  Accordingly, the revised Rule 41 subsection (h) specifically addresses the bifurcation, stating, "[a] defendant may move to suppress evidence in the court where the trial will occur, as Rule 12 provides."  Here, the trial will occur in state court.  Thus, suppression of evidence is not a remedy available to Shin in this civil equitable case.

Moreover, even if suppression of evidence was a remedy available to him, there is no evidence obtained from the seizure warrants to suppress in this proceeding.  This is clearly evident as Shin does not actually identify what evidence he wants suppressed.  The cryptocurrency assets, themselves, are also not relevant evidence; they are merely the corpus of the property sought to be returned, which is not suppressible itself.  *See e.g. I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984) (noting that, like contraband or forfeitable property, "the 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest").

Also, Shin incorrectly asserts that the granting of suppression would necessarily result in the return of property.  (Doc. 27, p. 5).  However, Shin continues to ignore that there is now another independent process controlling the retention of the crypto-currency assets in this matter—the state freeze order, such that even if his Fourth Amendment claims were found to have merit, he still would not be entitled to the return

of property as he implies. Because the state's freeze order is based on different criminal statutes and authority, it is independent of any alleged defects in the federal warrant, discussed *infra*, and would constitute an independent source for the evidence sought to be suppressed. *See Nix v. Williams*, 467 U.S. 431, 443 (1984) (evidence is admissible if it was obtained by independent means of alleged unconstitutional seizure); *see also Com. v. Frodyma*, 393 Mass. 438, 442-43, 471 N.E.2d 1298, 1301-02 (1984) ("State law enforcement officials should not be punished for alleged inadequacies in the Federal warrant.").

Despite any arguments to the contrary, Shin is, in fact, merely seeking to provide supplemental briefing to the pending Motion for Return of Property without leave of the Court. In both of Shin's filings, he alleged an unlawful search based on the same Fourth Amendment violations. Despite his assertions that these are "new arguments," they are not. *See* (Doc. 1, pp. 21-23 – asserting no violations of wire fraud or computer fraud; Doc. 1, pp. 25-26 and Doc. 15, p. 20, requesting a *Franks* hearing in the alternative, asserting material omissions in at least one affidavit). These issues have already been briefed and any supplement to the record is unnecessary.

Accordingly, because suppression of evidence is not a remedy available, legally or in this civil equitable matter under Rule 41(g), the Court should deny Shin's motion.

### B. The Federal Court Should Abstain from Interfering with the State Criminal Case under Rule 41(g) and under Younger Abstention

The Court should also decline to hear or decide this Motion to Suppress under Rule 41(g) and the *Younger* abstention doctrine. A motion to suppress evidence is available to Shin in the state court where the criminal and civil forfeiture proceedings are pending. *See* Colo. R. Crim. P. 41(e) (2018); *People of the State of Colorado v. Taube*,

843 P.2d 79, 82 (Colo. Ct. App. 1992) (determining that Fourth Amendment protections apply in civil forfeiture proceedings); *Mapp v. Ohio*, 367 U.S. 643, 660 (1961) (making the federal exclusionary rule mandatory for the states as well as for the federal courts). It is immaterial that the warrants were issued in federal court. The proper forum in which to seek the remedy of suppression is before the trial court in which you seek to have the evidence suppressed. *See* Fed. Rule Crim. P. 41 Advisory Committee Notes to 1972 Amendment ("[I]t is best to have the motion to suppress made in the court of the district of trial rather than in the court of the district in which the seizure occurred.") (citing *DiBella v. United States*, 369 U.S. 121 (1962) where the Court discouraged motions to suppress in the district in which property was seized, noting that "piecemeal adjudication" might conceivably result in prejudice either to the Government or the defendants, or both); *see also Raymond Frank Christie*, 2021 WL 5744382, at *2. Here, Shin is seeking to have the federal court adjudicate issues over which the state court currently has jurisdiction.

The Court should refrain from deciding the motion as there is "a strong judicial policy against federal interference with state criminal proceedings." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 600 (1975); *see also Younger v. Harris*, 401 U.S. 37 (1971) (*Younger* abstention doctrine). Under *Younger* abstention, the Court must decline to hearing a case when "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve 'important state interests . . . ." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001). Here, all three of the *Younger* prongs are met. First, the state has ongoing

7

criminal and civil forfeiture cases. Second, Shin has the ability to challenge his Fourth Amendment claims in both cases. Lastly, the state has a valid interest in enforcing its criminal and forfeiture laws. Thus, the court should abstain from hearing or deciding the merits of Shin's claims.

Further, as explained in previous filings by the Government, Rule 41(g) equitable jurisdiction is no longer available when there are legal remedies available in state court. *United States v. Bacon*, 900 F.3d 1234, 1238-39 (10th Cir. 2018). Therefore, this court should decline to exercise its equitable jurisdiction and decide issues which would interfere with ongoing state proceedings.

### C.     The Seizure Warrant Affidavit Established Probable Cause

Nonetheless, assuming, *in arguendo*, that the Court would address Shin's constitutional arguments, no Fourth Amendment violations occurred. Shin argues that the affidavit did not sufficiently establish the elements of the wire fraud or computer fraud statutes. He is incorrect.

An affidavit in support of a warrant is treated as presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). In determining probable cause, a judge makes a "practical, common sense decision whether, given all the circumstances set forth in the affidavit" that "there is a fair probability" that the assets to be seized were derived from criminal conduct. *United States v. Corral*, 970 F.2d 719, 727 (10th Cir. 1992). "All that is required to support a finding of probable cause is that enough information beyond mere conclusions of the affiant be presented to enable the magistrate to make the judgment that the charges are not capricious and are sufficiently supported to justify additional steps in the criminal process." *Brudwick v. Minor*, 2006 WL 1991755 *11 (D.

8

Colo. July 13, 2006). Great deference should be given to the issuing judge's determination of probable cause by any reviewing court. *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

Foremost, the affidavit established probable cause to believe Shin was engaged in wire fraud in violation of 18 U.S.C. § 1343. "The elements . . . are: (1) a scheme or artifice to defraud or obtain money by false pretenses, representations or promises; and (2) use of interstate wire communications to facilitate that scheme." *United States v. Cochran*, 109 F.3d 660, 664 (10th Cir. 1997). A "scheme to defraud" is broader than the common law fraud. *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)). The judicial definition of scheme to defraud "still signifies 'the deprivation of something of value by trick, deceit, chicane, or overreaching.'" *See id*. The Government is not required to show an affirmative misrepresentation; rather, "[t]he offense of a scheme to defraud focuses on the intended end result, not on whether a false representation was necessary to effect the result." *United States v. Capra*, 652 F. App'x 632, 639 (10th Cir. 2016).

In this case, the affidavit set forth the manner in which Shin changed the number of delegates each time to exploit the Icon Network for unauthorized ICX. Wall Aff. ¶¶22-25. Each time he changed the number of delegates, his intention was to exploit a network error to gain unauthorized ICX. This pretense had no legitimate purpose or utility given its volume in the 11-hour period and was clearly conducted to create a false impression. The deceit or misrepresentation doesn't need to be explicit, but may be implied. *See United States v. Harris*, 821 F.3d 589, 601 (5th Cir. 2016) ("The implied representations of . . . compliance in the project-specific contracts [were] sufficient

9

evidence from which a reasonable jury could have concluded that [defendant] engaged in a scheme to defraud."); *United States v. Stephens*, 421 F.3d 503, 507-509 (7th Cir. 2005) ("[Defendant] utilized the cash advance field in his expense report although the money was not sought for any purpose related to work.  A jury could find that the request for funds . . . carried the implied representation that it was for purposes related to work").  The Tenth Circuit has also held that "a false representation" is not a necessary component of any scheme to defraud.  *See Brandon v. United States*, 382 F.2d 607, 610 (10th Cir. 1967) (use of "black boxes" on telephone lines to avoid paying for long distance calls, constituted wire fraud even though defendants had made no false representations and the telephone company was aware of the circumstances of the calls).

Moreover, the affidavit set forth that Shin also did not stop his attack once the ICON Network blocked his IP address.  Wall Aff. ¶ 26.  Instead, he obtained a new IP address and continued to exploit the software bug.  *Id*.  By obtaining a new IP address, Shin effectively concealed and deceived the ICON Network as to his identity to begin his attack again.  Finally, it is clear Shin was aware that the acquisition of this ICX was not proper because he immediately took steps to move it out of the control of the ICON Network instead of allowing it to remain in his Icon wallet.  Wall Aff. ¶ 28.  Specifically, Shin withdrew ICX cryptocurrencies 131 times during the attack.  *Id*.

The affidavit also set forth a sufficient basis to believe that he had taken property from another.  To begin with, Icon Foundation's subjective belief that he had taken property from the Icon Network is significant.  *See United States. v. Minh Hoang*, 2019 WL 5696306, at *4 (D. Utah Nov. 4, 2019) (Company's subject belief that the employee

took trade secrets is highly relevant to inquiry of probable cause that material taken constituted trade secrets).[4]  The Icon Foundation reported an attack on its blockchain, which permitted an attacker to fraudulently acquire millions of dollars in cryptocurrency. Wall Aff. ¶¶ 16 and 31.  The affidavit also discussed how cryptocurrency is created on a blockchain and had to be validated by other users.  Wall Aff. ¶¶ 8, 10, and 23.  Thus, it is axiomatic that the cryptocurrency had to exist before it appeared in the Icon wallet, belonging to Shin, and, therefore, could be "taken" from another.  Further, Shin's own actions are evidence that he knew his conduct was unlawful and unauthorized.  Shin's simultaneous transfers of the ICX from his Icon wallet to at least 16 other cryptocurrency exchange accounts, some newly created, and exchanging them for other cryptocurrencies, indicate that Shin was aware that the ICX was fraudulently obtained.  *See* Aff. ¶¶. 27, 28, and 36.

      The affidavit also set forth a basis to believe that Shin had violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) and (a)(4) (fraud in connection with computers), making it unlawful, in relevant part to: intentionally access a computer without authorization or exceed authorized access, and knowingly and with intent to defraud, exceed authorized access to a protected computer, and by means of such conduct obtain anything of value over $5,000.00.  Since the issuance of the seizure warrants, the Supreme Court has addressed the circuit split among courts, regarding

---

[4] Shin puts much emphasis on the comments of an attorney, representing Icon Foundation, that the ICX "was created out of the ether" during a hearing in the related civil case.  The arguments of an attorney are not facts, especially when the evidence of record demonstrates otherwise.  *See e.g. Almeida-Leon v. WM Cap. Mgmt., Inc.* (D.P.R. May 8, 2019), *aff'd,* 993 F.3d 1 (1st Cir. 2021); *Facebook, Inc. v. Windy City Innovations, LLC,* 973 F.3d 1321, 1342 (Fed. Cir. 2020).  Moreover, it is clear that this was a generalization of what occurred.  There is no dispute in this case that the ICX at issue was created by computer code due to a software bug.

11

the scope of "exceeding authorized access." *Van Buren v. United States*, 141 S.Ct. 1648, 1662, 210 L.Ed. 2d 26 (June 3, 2021) ("[A]n individual 'exceeds authorized access' when he accesses a computer with authorization but then obtains information located in particular areas of the computer . . . that are off limits to him." An individual does not "exceed authorized access," when he misuses the authorized access he already has.). However, a resolved prior ambiguity in law does not invalidate the probable cause of an affidavit based on the law at the time it was issued. *See Handy v. City of Sheridan*, 636 F. App'x 728, 738 (10th Cir. 2016) (to prove "clearly established law" to vitiate probable cause, "existing precedent must have placed the statutory . . . question beyond debate.").

### D.  Shin is Not Entitled to a *Franks* Hearing

Finally, Shin asserts that he is entitled to a *Franks* hearing because the warrant affidavit did not include the fact that he had filed a civil complaint against Icon Foundation. (Doc. 27, pp. 13-14). Shin has not met his burden.

It is a Fourth Amendment violation to "knowingly and intentionally, or with reckless disregard for the truth" omit material information in an affidavit supporting a warrant. *Franks*, 438 U.S. at 171; *see United States v. McKissick*, 204 F.3d 1282, 1297 (10th Cir. 2000) (noting that application of *Franks v. Delaware* to material omissions). To establish a *Franks* violation, the defendant must show by a preponderance of the evidence that the evidence was omitted "intentionally or with reckless disregard for the truth," *United States v. Brinlee*, 146 F. App'x 235, 238 (10th Cir. 2005), and that the omissions were material, meaning that "it is so probative as to negate probable cause." *United States v. Gehrmann*, 731 F. App'x 792, 799 (10th Cir. 2018). To be

12

entitled to an evidentiary hearing, a petitioner must make a substantial preliminary showing of both materiality and recklessness.  *United States v. Moses*, 965 F.3d 1106, 1110 (10th Cir. 2020).  If there remains sufficient content in the affidavit to support a finding of probable cause even if the "omitted material" information is included, no hearing is required.  *See United States v. Mosko*, 654 F. Supp. 402, 414 (D. Colo. 1987), *aff'd sub nom. United States v. Pinelli*, 890 F.2d 1461 (10th Cir. 1989).

There is no dispute that the civil complaint was not mentioned in the affidavit, but it was neither material to the finding of probable cause nor a reckless disregard for the truth.   First, this information would not have been material to the magistrate judges' finding of probable cause based on "all of the circumstances set forth in the affidavit." *See Gehrmann*, 731 F. App'x at 806 (finding that state licensing board's settlement letter of its investigations into healthcare fraud allegations of the defendants were not material to the probable cause finding of healthcare fraud based on totality of circumstances); *United States v. Kennedy*, 131 F.3d 1371, 1377 (10th Cir. 1997) (noting that none of the additional information, regarding dog's reliability, would have invalidated the finding of the issuing magistrate judge).  Indeed, the civil complaint and the warrant affidavit do not materially differ regarding Shin's conduct; rather, it is the characterization of that conduct as a crime that Shin disputes.   *See United States v. Moses*, 965 F.3d 1106, 1112 (10th Cir. 2020) ("[a] court assessing probable cause based on the totality of the evidence . . .  is rarely ever compelled to draw any particular inference. Because the assessment of probable cause 'does not lend itself to a prescribed set of rules,' a judge is free to draw, 'or to refuse to draw,' any 'reasonable inferences as he will from the material supplied to him.'") (internal citations omitted).

However, Shin's subjective belief regarding the criminality of his actions would not have negated the finding of probable cause based on the facts in the affidavit.  *See also United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985) ("The fact that an innocent explanation may be consistent with the facts alleged ... does not negate probable cause.").

Furthermore, there is also no indication that this information was omitted with a reckless disregard for the truth.  Again, there is no material discrepancy in Shin's conduct set forth in the civil complaint and the affidavit.  They both substantially set forth that Shin obtained cryptocurrency from the Icon blockchain through a series of clicks on his electronic device due to a software bug (not the usual means of purchase or "staking") and then moved the majority of that cryptocurrency from the Icon network to other exchanges and cryptocurrencies in the period of 11 hours.  The civil complaint supplies no additional material information that indicates a reckless disregard for the truth by the affiant.  Accordingly, Shin is not entitled to a Franks hearing because he has not shown that the omitted information was material or omitted with intentional disregard to the truth.

Finally, the *Leon* good faith doctrine would apply.  *See United States v. Leon*, 468 U.S. 897 (1994).   "[W]hen police officers act in good faith and reasonable reliance on a search warrant, the evidence obtained during the search should not be suppressed . . . ." *United States v. Lora-Solano*, 330 F.3d 1288, 1295-1296 (10th Cir. 2003) (quoting *United States v. Price*, 265 F.3d 1097, 1102 (10th Cir. 2001).  Indeed, exclusion of evidence should only occur "if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of

probable cause." *Leon*, 468 U.S. at 926.  The Tenth Circuit has established that "[a]n affidavit lacks indicia of probable cause when it does not contain factual support.  'When we consider whether the officer relied in good faith upon a warrant, we must look to the underlying documents to see whether they are *devoid* of factual support, not merely whether the facts they contain are legally sufficient.'" *United States v. Chambers*, 882 F.3d 1305, 1310-11 (10th Cir. 2018) (quoting *United States v. Cardall*, 773 F.2d 1128, 1133 (10th Cir. 1985)).  Here, the affidavit was not devoid of factual support and the affiant did not exhibit a reckless disregard for the truth.  Accordingly, the Leon good faith doctrine applies, and no evidence obtained from the seizure warrants should be suppressed.

DATED this 13th day of May 2021.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: tonya.andrews@usdoj.gov
*Attorney for the United States*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice to all counsel of record.

*s/Jody Gladura*
FSA Federal Paralegal II
United States Attorney's Office
