IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-y-00065-WJM

In Re: GOVERNMENT SEIZURE OF APPROXIMATELY 80,000 CRYPTOCURRENCY TOKENS FROM THE PREMISES LOCATED AT 8120 DARTMOOR, COLORADO SPRINGS, CO 80920 AND THE PERSON OF BRIAN KREWSON
_____

**UNITED STATES' OPPOSED MOTION TO HAVE FED.R.CRIM.P. 41(g) MOTION (DOC. 1) BE TREATED AS A CIVIL EQUITABLE PROCEEDING**
_____

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, and herein moves for the Court for an order, directing Mr. Castelluzzo's Motion Pursuant to Fed. R. Crim. P. 41(g) and the Fifth Amendment to the United States Constitution for the Return of Property (ECF Doc. 1) (hereinafter "Motion for Return of Property") be treated as a civil equitable complaint and the United States be required to respond in accordance with Federal Rules of Civil Procedure 12(a)(2).  In support thereof, the United States submits the following:

**Relevant Facts**

1.     On December 22, 2022, Mr. Castelluzzo filed a Motion Pursuant to Fed. R. Crim. P. 41(g) and the Fifth Amendment to the United States Constitution for the Return of Property or Probable Cause Hearing. (ECF Doc. 1).  In his motion, Mr. Castelluzzo asserts that he has an interest in the cryptocurrency seized during the execution of a search warrant against another individual, that no criminal or civil case has been filed in relation to the seizure of cryptocurrency, and that the seized assets are

not proceeds of any illicit activity.  As relief, Mr. Castelluzzo requests the return of the seized cryptocurrency in the custody of the Federal Bureau of Investigation.

2. Undersigned counsel was informed of Mr. Castelluzzo's motion, via email, on December 21, 2022.  The attachment to the email sent to undersigned counsel provided an undocketed version of the motion.  The matter was docketed the next day and an ECF notice was sent to undersigned counsel.  To date, the Federal Bureau of Investigation has not been served with the Rule 41(g) motion.

3. Currently, there is no federal criminal case filed against Mr. Castelluzzo or the individual from whom the property was seized in the District of Colorado.

4. On December 22, 2022, the Court ordered the United States to file a response to Movant's Motion for Return of Property by January 12, 2023.

## Legal Argument

Here Mr. Castelluzzo's motion seeks recovery of property seized under Fed. R. Crim. P. Rule 41(g).  Rule 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

However, when no criminal case is pending, a Rule 41(g) motion for the return of seized property should be treated as a complaint in equity.  *See United States v. Ortiz,* 110 F.3d 74 (10th Cir. 1997) ("When, as here, there are no criminal proceedings pending against a defendant who has filed a motion for return of property under Rule 41[g], we and other courts have 'construe[d] the motion as an independent civil action based on equitable principles.'") (quoting *United States v. Madden,* 95 F.3d 38, 40 (10th Cir.1996)); *see also United States v. Clark*, 84 F.3d 387 (10th Cir. 1996) (noting where

criminal proceedings are concluded, a district court should treat a rule 41(e) motion as a civil complaint); *United States v. Bacon*, 900 F.3d 1234, 1237 (10th Cir. 2018) ("Whether a Rule 41(g) motion is filed pre-indictment or post-conviction, it remains an equitable remedy . . . .").

Because the Rule 41(g) motions are deemed equitable civil actions, the Federal Rules of Civil Procedure should apply to the extent reasonable.  *Kardoh v. United States*, 572 F,3d 697, 702 (9th Cir. 2009) ("Because there were no criminal proceedings pending, the motion should have been treated as a civil complaint governed by the Federal Rules of Civil Procedure."); *United States v. Ibrahim*, 522 F.3d 1003, 1008 (9th Cir. 2008); *Ruotolo v. United States*, No. Civ. 06 CV 3063, 2007 WL 2873638, at *1 (E.D.N.Y. Sept. 28, 2007) (noting that the Court granted the United States' request to treat Rule 41(g) motion as a civil complaint and applied the Federal Rules of Civil Procedure).

To date, the Rule 41(g) motion has not been properly served on the United States or the seizing agency.  As set forth in Federal Rules of Civil Procedure, the Plaintiff must serve the United States by:

(i) Delivering a copy of the summons and the complaint to the United States Attorney for the district where the action is brought, or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or
(ii) Sending a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States attorney's office and sending a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.
Fed. R. Civ. P. 4(i)(1)(A)-(B).

The plaintiff must also send a copy of the summons and complaint by registered or certified mail to the agency if they are a party.  Fed. R. Civ. P. 4(i)(2).

Mr. Castelluzzo's Rule 41(g) motion has not been properly served under Fed. R. Civ. P. 4.  No proper service occurred on the United States Attorney's Office or the Attorney General, nor was there service on the Federal Bureau of Investigation.  Furthermore, Mr. Castelluzzo has also not requested waiver of service of process from the United States.

Once proper service has been completed, Federal Rules of Civil Procedure 12(a)(2) states that "[t]he United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney."  Thus, in this equitable civil action, the United States is entitled to a 60-day response timeframe.  *Cromwell v. United States*, No. C-13-80002 MISC EMC, 2013 WL 323261, at *2 (N.D. Cal. Jan. 28, 2013) ("the Court agrees with Defendants that service of Plaintiffs' motion/complaint should be effected in accordance with Rules 4(i)(1) and 12(a)(2)"); *Price v. United States*, No. 4:18-cv-796-ALM-KPJ, 2019 WL 6519382, at *2 (E.D. Tex. Sept. 6, 2019) (applying Rule 12(a)(2) timeframe to the government's response to a Rule 41(g) motion).

Given that the United States is now aware of Mr. Castelluzo's motion and its corresponding case number, the United States is not requesting that Mr. Castelluzzo go through the exercise of obtaining proper service of process.  However, the United States does request that the Court permit the United States to respond in accordance with the timeframe articulated in Federal Rule of Civil Procedure 12(a)(2) from the date the United States was emailed the motion, or in the alternative, a similar date certain as determined by the Court.  In this case, the United States being allotted the time

provided for by statute, 60 days, is particularly apropos given the related investigation and search warrant was initiated from the United States Attorney's Office in the District of New Jersey, requiring significant coordination between the two Districts to coordinate a response.

     Wherefore, for the reasons stated above, the United States respectfully requests the Court treat Mr. Castelluzzo's Motion Pursuant to Fed.R. Crim. P. 41(g) and the Fifth Amendment for the United States Constitution For the Return of Property Hearing (ECF Doc. 1) as an equitable civil action, and require the United States respond within sixty days from the date of undersigned counsel's receipt of the motion, via email, that is February 19, 2023.

     Pursuant to D.C.COLO.LCivR 7.1, undersigned counsel attempted to contact counsel for Movant Casetlluzzo for his position on the requested relief, but did not receive a response.  Accordingly, the United States' Motion has been designated as opposed.

     DATED at Denver, Colorado this 3rd of January 2023.

COLE FINEGAN
United States Attorney

*s/ Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: tonya.andrews@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 3rd day of January 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

s/ *Sheri Gidan*
FSA Paralegal
Office of the U.S. Attorney